UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEFKOW

MAGISTRATE JUDGE COLE

UNITED STATES OF AMERICA )
)
v. ) 12CR 0103
)
ANTHONY CAPPELLO )

Violation: Title 18, United States Code, Section 1341

FILED

FEB 1 4 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**INFORMATION**

The United States Attorney charges:

1. At times material to this Information:

   A. Various governments, including the City of Chicago, the Cook County Highway Department, the Illinois Department of Transportation, and the United States, had laws and rules that established programs designed to increase the utilization of categories of businesses known as minority business enterprises ("MBEs"), women's business enterprises ("WBEs"), and/or disadvantaged business enterprises ("DBEs"). Bidders hoping to do business with these governments had to comply with the laws and rules applicable to the MBE, WBE, and DBE programs in order to receive the contracts they sought. The laws and rules applicable for each contract, which generally required certain percentages of participation in the contracts by MBEs, WBEs, and/or DBEs, were made known to the bidders before they submitted their proposals to the governments.

   B. To be certified by the City of Chicago as a WBE company under the relevant City of Chicago ordinance and regulations promulgated thereunder, an applicant company was required to submit a WBE certification application and all required documentation

to the City of Chicago demonstrating, among other things, that the applicant company met certain ownership and managerial requirements, including:

   i. that at least 51% of the company was owned and controlled by one or more women, and that the ownership and control was real, continuing, and beyond the pro forma ownership reflected in ownership documents;

   ii. that the management and daily business operations of the company were controlled by one or more such individuals, who possessed the power to direct company policies and objectives and make all substantive, day-to-day decisions, and that primary responsibility for these functions was not vested in someone who was not a woman; and

   iii. that the company was a viable, independent business and the female principal of the company possessed the resources and expertise to operate in the company's area of speciality, without substantial reliance upon finances, resources, expertise, manpower, facilities, equipment, etc. of non-women owned businesses.

  C. The Stealth Group, Inc., also known as SGI, Inc. ("SGI"), was certified by the City of Chicago as a WBE. Based on its WBE certification, SGI was eligible to participate in various projects as a subcontractor in order to fulfill a prime contractor's WBE or DBE obligation. Pursuant to the Illinois Unified Certification Program, SGI's WBE certification with the City of Chicago allowed it to obtain reciprocal status as a WBE with the Illinois Department of Transportation and the Cook County Highway Department.

D. Defendant ANTHONY CAPPELLO owned and operated Diamond Coring Company, Inc. ("Diamond Coring"), which was a company located in the Northern District of Illinois that provided services related to concrete sawing and drilling. Diamond Coring was neither certified nor eligible to be certified as an MBE, a WBE, or a DBE.

2. Beginning not later than in or about 1999, and continuing until in or about May 2006, in Chicago and elsewhere within the Northern District of Illinois, Eastern Division,

ANTHONY CAPPELLO,

defendant herein, along with Individual A, Individual B, and others known and unknown, devised, intended to devise, and participated in, a scheme to defraud and to obtain money and property, including more than $2.3 million in funds intended for WBEs or DBEs paid pursuant to contracts with prime contractors, City of Chicago, Cook County, and the State of Illinois, by means of materially false and fraudulent pretenses, representations, and promises, as further alleged below.

3. It was part of the scheme that defendant ANTHONY CAPPELLO falsely represented that SGI was a legitimate WBE and DBE when, in reality, it was not a legitimate WBE and DBE. Instead, it was a company operated by CAPPELLO and Individual B that existed in order for CAPPELLO and Individual B to fraudulently obtain contracts that required WBE or DBE participation and to disguise the fact that Diamond Coring actually performed the work required to be done by a WBE.

3

4. It was further part of the scheme that in order to acquire a WBE certification with the City of Chicago for SGI, defendant ANTHONY CAPPELLO caused Individual A to falsely represent to the City of Chicago that Individual A controlled all aspects of SGI and devoted 100% of her time to SGI when, in fact, Individual A devoted a minimal amount of her time to SGI and defendant CAPPELLO, Individual B, and others affiliated with Diamond Coring controlled SGI.

5. It was further part of the scheme that in order to obtain millions of dollars in prime contracts from the City of Chicago and to make it falsely appear as though Diamond Coring's bids were in compliance with the City of Chicago's WBE laws and regulations, defendant CAPPELLO caused Diamond Coring to misrepresent in bids to the City of Chicago that SGI was a legitimate WBE that would perform subcontracting work on its projects.

6. It was further part of the scheme that in order to obtain millions of dollars in subcontracting work, defendant ANTHONY CAPPELLO and Individual B falsely represented to various prime contractors that SGI was a legitimate WBE and DBE so that the prime contractors would select SGI as their WBE or DBE participant in bids with the City of Chicago, the Cook County Highway Department, and the Illinois Department of Transportation.

7. It was further part of the scheme that in order for SGI to obtain an approximately $1.1 million prime contract from the City of Chicago, defendant ANTHONY CAPPELLO and Individual B falsely represented to the City of Chicago that SGI was a legitimate WBE.

8. It was further part of the scheme that in order to conceal the fact that Individual A was rarely present at SGI's offices, Individual B asked at least one female employee of SGI to answer telephone calls falsely representing that the female employee was Individual A.

9. It was further part of the scheme that defendant ANTHONY CAPPELLO caused SGI to place employees on its payroll who, in fact, reported to defendant ANTHONY CAPPELLO and Diamond Coring.

10. It was further part of the scheme that in order to conceal the fact that SGI was not a legitimate WBE or DBE company and that Diamond Coring was performing work that was supposed to have been performed by SGI, agents of Diamond Coring dispatched its employees in Diamond Coring trucks bearing SGI's logos.

11. It was further part of the scheme that defendant ANTHONY CAPPELLO caused SGI to falsely represent that it had office space at 9816 South Commercial Street in Chicago. As defendant CAPPELLO knew, SGI never used this address as office space and in fact was operating out of Diamond Coring's office space.

12. It was further part of the scheme that defendant ANTHONY CAPPELLO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purposes of and acts done in furtherance of the scheme.

13. As a result of the scheme, defendant ANTHONY CAPPELLO fraudulently caused SGI to obtain in excess of $2.3 million in funds intended to be paid to true WBE or DBE entities and that defendant and his companies were not otherwise entitled to receive.

14. On or about May 12, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY CAPPELLO,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be delivered by mail, according to the direction thereon, an envelope containing a City of Chicago check, paid pursuant to Order Payment Voucher PV85068561313, in the approximate amount of $93,500, remitted to Diamond Coring, and addressed to Diamond Coring, 11800 South Ewing Ave., Chicago, IL 60617;

In violation of Title 18, United States Code, Section 1341.

UNITED STATES ATTORNEY